Case 4:20-cv-05188-ACE    ECF No. 32    filed 06/21/22    PageID.982    Page 1 of 9

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA G.,[1]<br>              Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br>              Defendant. | No. 4:20-cv-05188-ACE<br><br>**ORDER STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SETTING JULY 7, 2022 DEADLINE FOR MOTION TO SUBSTITUTE PARTY**<br><br>**ECF No. 20** |

Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 20) and Defendant's Motion to Dismiss (ECF No. 25) as supplemented on January 7, 2022 (ECF No. 39). The record reflects the parties' consent to proceed before a magistrate judge. ECF No. 5. However, the Court has been notified that Plaintiff died before the commencement of this action, which invalidates the consent filed

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

on his behalf.  Having reviewed the record, the Court strikes Plaintiff's Motion for Summary Judgment, postpones the hearing on Defendant's Motion to Dismiss, and sets July 7, 2022 as the deadline for filing any motion to substitute party.

## BACKGROUND

This action seeks judicial review of the denial of Plaintiff's claims for supplemental security income (SSI) and disability insurance benefits (DIB) under Titles XVI and II of the Social Security Act.  According to the Complaint, the Appeal Council's decision was rendered on August 10, 2020.  ECF No. 1.  Plaintiff died on September 26, 2020.  ECF No. 25-1 at 2.  This action was commenced sixteen days later, on October 12, 2020, without any indication the named Plaintiff was deceased.  ECF No. 1.  Plaintiff's counsel proceeded to litigate this matter on Plaintiff's behalf, filing a signed application to proceed in forma pauperis, effectuating service, and filing Plaintiff's Motion for Summary Judgment.  *See* ECF Nos. 2, 8, 20.

On November 19, 2021, Defendant filed a motion to dismiss seeking the dismissal of Plaintiff's claim related to the denial of SSI benefits based upon Plaintiff's death.  ECF No. 25.  In response, Plaintiff's counsel asked the Court not to dismiss the SSI claim because state aid programs "rely upon reimbursement of funds upon approval of their beneficiaries' SSI claims."  ECF No. 26 at 2.  On December 9, 2021, the Court *sua sponte* entered an order directing Defendant to

ORDER - 2

supplement the record to address the jurisdictional issues that exist based upon the timing of Plaintiff's death and the filing of suit.  ECF No. 27.  The Court also gave Plaintiff's counsel the option of filing an affidavit in response.  The issues identified in the Order were:

- whether Article III standing and jurisdiction exist;
- the authority governing substitution in an action commenced where Article III standing is absent;
- if substitution is proper, whether a party with standing to pursue the claims herein exists and has been notified of this lawsuit; and
- Plaintiff's counsel's continued authority to represent interests of the deceased client.

*See* ECF No. 27 at 5-6.

Defendant responded to the Court's Order and now moves for dismissal of the case in its entirety based upon lack of jurisdiction and the lack of a substitute party plaintiff.  ECF No. 29 at 4.  Plaintiff's counsel, Chad Hatfield, filed an "Affidavit in Opposition of a Motion" indicating he is the "attorney for Plaintiff" and stating he had attached the "[s]ubstitution of [p]arty documents for Sheila Gibson (mother) for Joshua Gibson in all matters relating to his DIB and SSI Social Security claims."  ECF No. 30 at 1.  The attachments include a Social Security Administration form HA-539 ("Notice Regarding Substitution of Party

ORDER - 3

1  Upon Death of Claimant") signed by Ms. Gibson on February 25, 2021. ECF No.

2  30-1. It states that Ms. Gibson wishes "to be made a substitute party and to

3  proceed with the hearing requested by the deceased." ECF No. 30-1 at 1. The

4  second document is a partial copy of a Social Security Administration form SSA-

5  1696 designating Mr. Hatfield as Ms. Gibson's representative, also signed in

6  February 2021. ECF No. 30-1 at 2-5. Last, is a written fee agreement between

7  "Sheila Gibson OBO: Joshua R. Gibson" and Mr. Hatfield dated February 25,

8  2021. ECF No. 30-1 at 6.

## LEGAL STANDARD

10  Article III of the United States Constitution limits federal court jurisdiction

11  to "real controvers[ies] with real impact on real persons." *TransUnion LLC v.*

12  *Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citation omitted). "[T]he dead lack the

13  capacities that litigants must have to allow for a true Article III case or

14  controversy." *See LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943,

15  953 (9th Cir. 2020). "[A] party cannot maintain a suit on behalf of, or against, or

16  join, a dead person, or in any other way make a dead person (in that person's own

17  right, and not through a properly-represented estate or successor) party to a federal

18  lawsuit." *Id*.

19  The question of whether this jurisdictional defect can be cured through

20  application of a federal procedural rule, such as Rule 17 or 25, is the subject of a

ORDER - 4

circuit court split. As also explained in the Court's prior order, ECF No. 27, the Ninth Circuit has not ruled on this issue. *See LN Mgmt., LLC*, 957 F.3d at 955 (finding it unnecessary to "rule on the tricky substitution questions" because the matter involved an absent defendant). The D.C. circuit, as well as the Fourth and Fifth circuits (albeit in unpublished opinions), have rejected the notion of curing a problem of Article III standing by substitution of parties. *See Kurtz v. Baker*, 829 F.2d 1133, 1145 (D.C. Cir. 1987) (rejecting the argument that one can "cure a problem of Article III standing by substituting parties"); *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 788 (4th Cir. 2019) ("[J]urisdiction is a threshold issue, determined at the time of filing. And when jurisdiction does not exist at that time, the court's only role is to dismiss the case); *Hernandez v. Smith*, 793 F. App'x 261, 265-66 (5th Cir. 2019) (plaintiff "did not have standing to sue because she was deceased" and precedent did not permit use of the procedural rule to "go back in time to cure this jurisdictional defect.").

    The Tenth Circuit, on the other hand, allows the substitution of a dead plaintiff through Federal Rule of Civil Procedure 17. *See Esposito v. United States*, 368 F.3d 1271, 1276-78 (10th Cir. 2004) (permitting an estate to join a case through Rule 17 even though the case was initiated in the name of a deceased plaintiff). In *Esposito*, the Court observed that "nothing in Rule 17(a) requires that the original plaintiff have capacity to sue[,]" and concluded substitution should be

1  allowed and "shall have the same effect as if the action had been commenced in the
2  name of the real party in interest." *Id*. at 1277–78; *see* Fed. R. Civ. P. 17(a)(3)
3  ("The court may not dismiss an action for failure to prosecute in the name of the
4  real party in interest until, after an objection, a reasonable time has been allowed
5  for the real party in interest to ratify, join, or be substituted into the action. After
6  ratification, joinder, or substitution, the action proceeds as if it had been originally
7  commenced by the real party in interest.").

8        Likewise, the Second Circuit has held that the jurisdictional defect created
9  by a plaintiff lacking standing can be cured "so long as the real party in interest is
10 willing to join the case [under Federal Rule of Civil Procedure 17] and has had
11 standing since the case's inception." *Fund Liquidation Holdings LLC, et al.*, v.
12 *Bank of America Corp., et al.*, 991 F.3d 370, 386 (2nd Cir. 2021), *cert. denied*, 142
13 S.Ct. 757 (2022) ("When viewed this way, filing a complaint in the name of a
14 deceased or non-existent nominal plaintiff is akin to an error in the complaint's
15 allegations of jurisdiction . . . . in certain instances, subject-matter jurisdiction can
16 even be obtained after a case's initiation and given retroactive effect through
17 procedural rules.").

### DISCUSSION

19       At the time this action commenced, Plaintiff did not have Article III standing
20 because he was deceased. *LN Mgmt., LLC*, 957 F.3d at 953. Absent a plaintiff

ORDER - 6

1  with legal existence, there can be no Article III case or controversy. *Id*. Mr.

2  Hatfield's initial response to Defendant's Motion to Dismiss, ECF No. 26, ignores

3  this well-established precedent. The deceased cannot litigate in federal court.

4      The Court must dismiss this case unless this jurisdictional defect can be

5  cured. Whether a party may substitute for the deceased Plaintiff is an unsettled

6  question of law no party has briefed. There is no pending motion or request for

7  substitution. Assuming substitution is allowable, Defendant argues dismissal is

8  appropriate because no substitute real party in interest has appeared before the

9  Court. Mr. Hatfield's affidavit suggests Ms. Gibson was substituted in the

10 administrative proceedings before the Social Security Administration; however, the

11 filing of these forms with the agency is not the procedural mechanism for

12 effectuating a substitution of parties in federal court.

13     Although Plaintiff's death does not automatically extinguish Plaintiff's SSI

14 claim, 42 U.S.C. 1383(b)(1)(A) and 20 C.F.R. 416.542(b)(4) preclude benefits to

15 anyone except a certain surviving spouse[2] or parents of a disabled or blind child.

16 Ms. Gibson is apparently Plaintiff's mother and Plaintiff did not apply for

17 childhood benefits. *See* ECF No. 16 (Tr. 37). The Court has no reason to believe

---

[2] Though Plaintiff was apparently married in April 2019, ECF No. 16-1 at 837 (Tr. 831), it is unknown whether an eligible surviving spouse exists.

ORDER - 7

that Ms. Gibson has any legal interest in Plaintiff's SSI claim.  As to Plaintiff's DIB claim, other parties may be entitled to a deceased claimant's DIB benefits under certain circumstances, such as a spouse (20 C.F.R. § 404.330), a child (20 C.F.R. § 404.350), a parent (20 C.F.R. § 404.370), or the legal representative of the estate (20 C.F.R. § 404.503(b)(7)).

Assuming, without deciding, substitution is allowable, no real party in interest has moved for substitution, despite the passage of over 20 months since Plaintiff's death and the commencement of suit.  However, because Mr. Hatfield's affidavit suggests Ms. Gibson is interested in substitution, out of an abundance of caution the Court will set a deadline for the filing a motion to substitute a party.  Any such motion shall fully brief the issue of whether the substitution of the deceased Plaintiff is permissible to cure the jurisdictional defect that exists in this case.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **STRICKEN**.

2. Any motion to substitute party shall be filed not later than <u>**JULY 7, 2022**</u>.  **Failure to timely request substitution may result in the dismissal of the Complaint and the claims therein without prejudice**.

3. The Court will address Defendant's Motion to Dismiss, ECF No. 25, and the related issue of substitution at the same time.  The Clerk of the Court shall

**RESET** the hearing on Defendant's Motion to Dismiss, ECF No. 25, to **August 1, 2022 without oral argument**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and forward copies to counsel, including Mr. Hatfield.

DATED June 21, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 9