FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA G.,[1] <br>         Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br>         Defendant. | No. 4:20-cv-05188-ACE <br><br> **REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS** |

**BEFORE THE COURT** is Defendant's Motion to Dismiss (ECF No. 25), which was amended on January 5, 2022 (ECF No. 29). Plaintiff was represented by Chad Hatfield. Jeffrey Staples represents Defendant. Defendant seeks dismissal of the Complaint based upon Plaintiff's death prior to the commencement of the action. The record contains a consent order suggesting the parties' consent to proceed before a magistrate judge. ECF No. 5. However, because the deceased Plaintiff could not have consented, the undersigned proceeds by way of report and recommendation. After review of the record, the undersigned **RECOMMENDS** the Court grant Defendant's Motion to Dismiss.

---

[1] To protect the privacy of the social-security plaintiff, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

REPORT AND RECOMMENDATION - 1

This action seeks judicial review of the denial of Plaintiff's claims for supplemental security income (SSI) and disability insurance benefits (DIB) under Titles XVI and II of the Social Security Act. ECF No. 1. The Complaint was filed sixteen days after Plaintiff's death. *See* ECF No. 27 at 2. A year later, Defendant notified the Court. *See* ECF No. 25. The Court entered two orders discussing the legal implications of Plaintiff's death on this case and allowing counsel the opportunity to address the issues of standing, jurisdiction, and substitution of parties. *See* ECF Nos. 27, 32. These two orders thoroughly discuss the background of this case, the parties' positions, and the applicable law.

In summary, "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies." *See Gator Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) (citing U.S. CONST. art. III, § 2, cl. 1). When the Complaint was filed, Plaintiff did not have Article III standing because he was deceased. *See* ECF No. 32 at 6-7; *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020) ("[T]he dead lack the capacities that litigants must have to allow for a true Article III case or controversy."). Absent a plaintiff with legal existence, there can be no Article III case or controversy, and the Court must dismiss this case for lack of jurisdiction. *Id.* The Court set July 7, 2022 as the deadline for the filing of any motion to substitute a real party in interest as to Plaintiff's claims, noting that

REPORT AND RECOMMENDATION - 2

the law is unsettled as to whether substitution is allowable in this context.  ECF No. 32 at 6-8.  The deadline passed and no motion for substitution was filed.

Due to Plaintiff's death prior to commencement of suit, this Court lacks jurisdiction.

**ACCORDINGLY, IT IS HEREBY RECOMMENDED that:**

1. Defendant's Motion to Dismiss, **ECF No. 25**, as amended at ECF No. 29, be **GRANTED**;

2. Plaintiff's Complaint, **ECF No. 1**, and all the claims therein be **DISMISSED** without prejudice; and

3. The file be **CLOSED**.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within **fourteen (14) days** following service with a copy thereof.  Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor.  Any response to the objection shall be filed within **fourteen (14) days** after receipt of the objection.  Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

///

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMJR 2, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation, provide copies to counsel, and **SET A CASE MANAGEMENT DEADLINE ACCORDINGLY**.

DATED July 26, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 4